# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| LELAND WILLIAMS, <br><br> Plaintiff, <br> vs. <br><br> FRANKLIN GENERAL HOSPITAL, FRANKLIN COUNTY, IOWA, MERCY HEALTH SERVICES-IOWA CORP., and THOMAS CRAIGHTON, <br><br> Defendant. | No. C12-3067-MWB <br><br><br> **MEMORANDUM OPINION AND ORDER REGARDING DEFENDANT FRANKLIN COUNTY'S MOTION TO DISMISS** |

_____

This case is before me on defendant Franklin County, Iowa's, Motion to Dismiss (docket no. 21). Franklin County asserts that it is not the owner of defendant Franklin General Hospital, or otherwise responsible for its actions. Franklin County contends that Franklin General Hospital is independent of any oversight or involvement by Franklin County. Plaintiff Leland Williams resists Franklin County's motion. Williams argues that he has adequately asserted facts to support his claims. He points out that he has alleged in good faith that he was employed by defendants, including Franklin County, and that his employers discriminated against him because of his race, and retaliated against him when he complained about discriminatory treatment. He also points out that he has alleged that the individuals who committed the discrimination, retaliation, and assaults against him were employed by defendants, including Franklin County. Franklin County has not filed a reply brief.

Franklin County does not cite any Federal Rule of Civil Procedure or case law in its motion, but it appears that it is seeking dismissal pursuant to Federal Rule of Civil

Procedure 12(b)(6) for failure to state a claim. "When ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)). Thus, the factual background to a motion to dismiss must necessarily be drawn from the plaintiffs' factual allegations. On the other hand, on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

In his complaint, Williams alleges the following causes of action: pendent state law claims under the Iowa Civil Rights Act ("ICRA") for racial harassment, discrimination, and retaliation, Iowa Code Ch. 216 (Count I); claims of racial harassment, discrimination, and retaliation in violation of both the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e et seq. (Count II) and 42 U.S.C. § 1981 (Count III), and pendant state law claims for assault and battery (Count IV). Under Title VII, the ICRA, and § 1981, it is unlawful for an employer to discriminate against any person because of his or her race. *See* 42 U.S.C. § 2000e-2(a)(1); IOWA CODE § 216.6; 42 U.S.C. § 1981. Williams alleges in his complaint that defendants, including Franklin County, were his employers. S*ee* Compl. at ¶ 14. He further alleges that the individuals who discriminated against him on the basis of his race, and retaliated against him, because of his complaints about racial discrimination and harassment, were employed by defendants, including Franklin County. S*ee* Compl. at ¶¶ 47-49. Accepting as true all factual allegations in the complaint and drawing inferences from these allegations in the light most favorable to Williams, I find that the complaint contains sufficient factual matter, accepted as true, to withstand a 12(b)(6) motion to dismiss, as to whether or not Franklin County was Williams's employer. Therefore, Franklin County's Motion to Dismiss is denied.

**IT IS SO ORDERED**.

**DATED** this 25th day of March, 2013.

                                                _____
                                                MARK W. BENNETT
                                                U.S. DISTRICT COURT JUDGE
                                                NORTHERN DISTRICT OF IOWA